[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 05-14476
Non-Argument Calendar

----------------------------------------

BIA Nos. A96-100-634 & A96-100-635

EDGARD FELIPE CRUZ PULIDO,
MARIA DEL ROSARIO,
AVE MARIA CRUZ,

                                             Petitioners,

                    versus

U.S. ATTORNEY GENERAL,

                                             Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(July 14, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Edgard Felipe Cruz Pulido ("Cruz"), his wife, Maria Del Rosario, and their daughter, Ave Maria Cruz, natives and citizens of Colombia,[1] petition for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[2] No reversible error has been shown; we deny the petition.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). An IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th

---

[1] Cruz included his wife and daughter as derivatives in his asylum application. We refer only to Cruz in this opinion, but our decision about Cruz also applies to his wife and daughter.

[2] On appeal, Cruz does not offer argument on the denial of withholding of removal or CAT relief; therefore, these claims are abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons issue by failing to offer argument on that issue).

Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion and membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). "An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution." Al Najjar v. Ashcroft, 257 F.3d 1262, 1289 (11th Cir. 2001) (internal quotation omitted). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Id. at 1284.

Cruz claimed that he feared being targeted by the National Liberation Army ("ELN"), a guerilla group in Colombia, because he had been an informant for the Colombian Army. While Cruz worked for an oil company in Colombia, he covertly provided information to an agent of the Colombian Army who was trying to prevent ELN attacks on a Colombian oil pipeline. After a co-worker told Cruz that a "snitch" (whom Cruz believed to be his contact in the Colombian Army) had been killed, Cruz resigned from his position with the oil company and departed for

3

the United States 13 days later. After living in the United States for approximately three years, Cruz traveled to Colombia for a brief time and then returned to the United States and applied for asylum.

Cruz argues that the IJ erred in finding that he had not presented sufficient credible evidence to show a reasonable fear of future persecution based on his imputed political opinion and membership in a social group related to his providing information to the Colombian Army. Substantial evidence supports the determination that Cruz failed to meet his burden that he would be persecuted on any protected ground.

Cruz offered no evidence that his contact in the Colombian Army was the actual person killed; nor did he demonstrate that the ELN was aware of his role as an informant for the Army. In addition, Cruz did not show that the ELN imputed a specific opinion to him or recognized that he was a member of a particular social group. Cruz also did not offer evidence that he would be persecuted if he returned to Colombia; instead, Cruz testified that he was not threatened or tortured in Colombia after he learned of the death of the "snitch." These facts do not compel reversal.[3]

---

[3] Because we conclude that substantial evidence supports the IJ's conclusion that Cruz did not demonstrate a well-founded fear of future persecution based on a protected ground, we need not address Cruz's argument that the IJ erred in considering unfavorably that Cruz filed his application

Based on the foregoing, we deny the petition for asylum, withholding of removal, and CAT relief.

**PETITION DENIED.**

---

for asylum after entering the United States for a second time.